THE STATE OF OHIO, APPELLANT, *v.* JONES, APPELLEE.

[Cite as *State v. Jones* (1992), 64 Ohio St.3d 229.]

(No. 91–1350—Submitted June 2, 1992—Decided July 22, 1992.)

*Stephanie Tubbs Jones*, Prosecuting Attorney, and *Leo F. Gorie, Jr.*, for appellant.

*William Jones, pro se.*

SWEENEY, DOUGLAS, H. BROWN and RESNICK, JJ., concur.

MOYER, C.J., HOLMES and WRIGHT, JJ., dissent.

HOLMES, J., dissenting. I do not believe that this case should be disposed of through the process of dismissal on the basis of having been "improvidently allowed." Although the court of appeals was correct in determining that the defendant had not been afforded due process in his charged parole violation, there was incorrect language in the decision of the court of appeals which stated that it was unlawful for an order of probation to contain mandatory periodic drug testing of the probationer unless the drug testing is related to

the crime for which the defendant was convicted. This incorrect statement of the law cries out for correction.

The appealing prosecutor in this case, and apparently prosecutors throughout Ohio, wish this court to state, for purposes of clarifying the law on the subject, that a probation order may contain mandatory periodic drug testing provisions that must be carried out by the probationer. I agree with the prosecutors that it is important to Ohio's criminal justice system to have this determination made by this court, and I would have done so in an opinion in this matter rather than dismissing the appeal as being improvidently allowed.

MOYER, C.J., and WRIGHT, J., concur in the foregoing dissenting opinion.

WRIGHT, J., dissenting. I respectfully dissent from the majority's decision to dismiss this appeal as improvidently allowed. I believe that we should have exercised our jurisdiction to set forth the parameters of drug testing for probationers and parolees. In my opinion, the decision to drug test these individuals is within the sound discretion of the supervising authority or court. Empirical studies show that sixty to seventy-five percent of criminal activity is related to substance abuse,[1] and we should not ignore this important issue.

MOYER, C.J., concurs in the foregoing dissenting opinion.

---

1. Cushman, Substance Abuse in the Legal Profession: Facing the Facts (Sept./Oct.1989), Ohio Lawyer 8, 9 (reprinted in Substance Abuse in the Legal Profession, published by the Lawyers Assistance Committee of the Ohio State Bar Association).